Lee Edwin Allen **PARKER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22743.

United States Court of Appeals Ninth Circuit.

Feb. 10, 1969.

⚖️303

Before CHAMBERS, Circuit Judge, MADDEN,* Judge of the United States Court of Claims; and CARTER, Circuit Judge.

CHAMBERS, Circuit Judge:

This is an appeal in a paper money counterfeiting case.

The defendant has fourteen points (many have subdivisions) on appeal. The district court meticulously let the defendant drag out the case for twice the length of time that should have been used, all out of consideration for the defendant. We have gone through the record and briefs and despite the earnestness of his present counsel, we find the appeal legally frivolous.

In his fourteenth point, it is asserted that it was error to refuse him the name of one confidential informant.[1] On this point, the defendant can only guess because the information as to his name and knowledge was only given to the trial judge. We have the envelope concerning the information including the name. After examining the contents of the envelope, we do not have the least trouble in concluding that Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, did not require here the release of the name of the informant or the information furnished by the informer.

Parker made prolonged attacks before and during trial on two search warrants. Of course, the district court did not have the advantage of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, decided January 27, 1969. In view of this decision, which makes the requirements for issuance of a search warrant stringent, we have checked the record closely.

Warrant No. 1 issued on August 19, 1966, was directed at Parker's home he occupied with his present wife. There about eighteen thousand dollars of coun-

Charles E. Springer (argued), Reno, Nev., for appellant.

Sidney I. Lezak (argued), U. S. Atty., Portland, Or., for appellee.

---

* Senior Judge, the United States Court of Claims, sitting by designation.

1. The confidential informant who was referred to in the agent's affidavit for search warrant No. 2 in the search of Slaney's house referred to infra.

terfeit money was found. The thing that enabled the Secret Service to present a good affidavit to get the warrant was that Parker had an ex-wife who had the custody of their little daughter. The little girl, obviously under her mother's influence, was "talking" and quite reliably. Under Spinelli, we find search warrant No. 1 good.

■ Search warrant No. 2 dated August 20, 1966, was directed at the home of one Slaney. Slaney was a government witness (apparently his willingness to testify matured at the last moment). Slaney had a small printing press. Parker borrowed the press from Slaney and took it away in a truck. Later Parker returned the press to Slaney. At the trial, Slaney testified he was paid $250.00 for the use of the press. There is no basis for a suggestion that Parker, after the return of the press, had any right to come to Slaney's house further to use the press or that Parker had any right to come and go from Slaney's house.

We think the affidavit supporting the issuance of warrant No. 2 is adequate under Spinelli, but in this case we conclude the government is right that this is one of the cases (albeit in a narrowing field) where the defendant had no right to object. (There was nothing aggravated about the search.) There is no suggestion that any item seized belonged to Parker. The items belonged to Slaney and it was Slaney's home that was searched. Although Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, enlarged standing to object, as did United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59, we regard both cases as authority for denying Parker standing to object to the search of Slaney's private house. Appellant, realizing the seriousness of the point of "standing," suggests that Parker had a possessory

right in the press because he paid $250.00 to use it. We shall not presume that any such continuing right existed after the press was returned. The job was done.

■ After the record of the case arrived in this court, appellant sent the clerk a collection of newspaper clippings in support of his claim that publicity pretrial made it impossible for him to get a fair trial in Portland. We reserved a ruling on this effort to buttress up the record. It now clearly appears that the packet of newspaper clippings was not before the trial judge. Therefore, we now deny leave to file. However, this so-called "appendix" may remain "lodged."

■ On the proper record here which we have about pre-trial publicity, we cannot say that it was clearly erroneous to deny a motion to dismiss because of the pre-trial publicity.[2] There seems to have been no motion for a change of venue.

■ We list one of the typical objections on appeal, to illustrate why we write no more on this case. One Jean Brown was in the venire of the jury. She was called and it developed her husband was employed by the Federal Reserve Bank. The court rather peremptorily dismissed her and called another juror. (There was a light objection by Parker's counsel.) This was done not according to any scheme or plan, but obviously out of the court's consideration for the defendant. The defendant is entitled to a good jury, but can't expiate his crime by making a big issue of one juror who was excused and, we think, quite rightly. The case was so well tried that there was just little grist for an appeal. We do not find any other points worthy of discussion.

It being our conclusion from the exhaustive and exhausting record that the

---

2. The court gave one continuance for approximately three months because of newspaper publicity about this case and another case the defendant had in state court. We have reviewed the record carefully applying the standards of Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, and Silverthorne v. United States, 9 Cir., 400 F.2d 627. The facts in Parker fall far short of anything in those two cases.

appeal is without merit, we now order that the order admitting appellant to bail pending appeal is hereby revoked.

The judgment of conviction is affirmed.