433 F.2d 983
 Woodrow SMITH, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.
 No. 29858 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 5, 1970.
 
 Woodrow Smith, pro se.
 Crawford C. Martin, Atty. Gen., Charles Parrett, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the district court's denial of the habeas corpus petition of a Texas state prisoner. We affirm in part, and vacate and remand in part.
 
 
 2
 There are three assertions of error. One, appellant has alleged that a gun, which was seized as a result of a search of the home of his co-defendant, was erroneously admitted into evidence. This contention is without merit. Appellant had no connection whatever with the house from which the gun was seized. See Parker v. United States, 9 Cir., 1969, 407 F.2d 540.
 
 
 3
 Two, it is contended that appellant was not accorded the proceeding in the state trial court which is mandated by Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. This contention is belied by the record and is without merit.
 
 
 4
 Three, notwithstanding the Jackson v. Denno question, appellant urges nevertheless that his confession was illegally coerced in any event. The appeal comes to us from a denial of relief based on the view that appellant has abused the writ of habeas corpus in that relief has been thrice denied on the same ground. We have made a considerable effort to reconstruct the procedural facts and it is apparent that the district court has never had an evidentiary basis for ruling on this particular question other than an affidavit of the state trial judge respecting the fact that a Jackson v. Denno hearing was accorded appellant. This affidavit contains conclusory statements that the confession was not coerced. That portion of the state trial record which bears on the voluntariness or nonvoluntariness of the confession has now become available for consideration by the district court. The case must be remanded for a finding as to the nature of the confession based on this record or on an evidentiary hearing if such seems indicated to the district court. See Townsend v. Sain, 1963, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770.
 
 
 5
 Affirmed in part; vacated in part and remanded with direction.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I