**UNITED STATES of America, Appellee,**

v.

**David PERRY, Appellant.**

**No. 486, Docket 30620.**

United States Court of Appeals Second Circuit.

Argued June 5, 1967.

Decided July 12, 1967.

Certiorari Denied Nov. 6, 1967.

See 88 S.Ct. 307.

Phylis Skloot Bamberger, New York City, (Anthony F. Marra, New York City, on the brief), for appellant.

Douglas S. Liebhafsky, Asst U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, and Andrew M. Lawler, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

David Perry appeals from a judgment of conviction of violating the federal narcotics laws, 21 U. S. C. Sections 173 and 174, after a trial before the Court sitting without a jury. The issues on this appeal all revolve around the sufficiency of the affidavit which formed the basis for the issuance of a search warrant for the Perry premises. We affirm the conviction.

The affidavit in question was made by Narcotics Agent Robert C. Manning. All of the pertinent information relating to the appellant and his sale and possession of heroin was stated by Agent Manning to have been obtained from an unidentifed informant. The information given by the informant, and set forth in the Manning affidavit, was most specific, in substance, being that on two occasions, one and three days before the date of the affidavit, the informant had seen large quantities of heroin in appellant's apartment. The only corroboration of this information was Agent Manning's further statement in the affidavit that "this source of information has given information to me on several previous occasions and on each occasion that information was correct by my own personal knowledge." The affidavit also recited that during the hours 7:00 to 9:00 P.M., the time the informant had told Manning that appellant was selling heroin from his apartment, Manning

himself had observed some thirty people enter the building and depart after staying only a few minutes. Judge Cannella rightly did not regard this as corroborative since Manning watched thirty people enter and leave a multi-tenant building, not Perry's apartment, and none of the people were recognized as known addicts.

■ On a pre-trial motion to suppress the heroin seized from Perry's apartment, Judge Cannella quite properly found that the affidavit was sufficient on its face to establish probable cause. The rule in this Circuit is that an affidavit containing detailed statements as to the commission of crime made of his own knowledge by an informant for whose reliability the affiant vouches on the basis of experience is sufficient. United States v. Freeman, 358 F.2d 459 (2 Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). This rule is especially appropriate where, as here, the affiant was able to swear on the basis of his personal knowledge to the reliability of the informant. However, we believe it would be better practice if affidavits also contained statements of the length of time the agent had known and dealt with the informant and the approximate number of times information had been received from the informant, see United States v. Freeman, supra, 358 F.2d at 463. This is not a case like U. S. ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2 Cir. 1967), where the affidavit omitted recitation of the "'underlying circumstances' from which the informant concluded that narcotics were being sold" for those facts appear in detail.

■ At trial, appellant renewed his motion to suppress and, further, demanded an evidentiary hearing at which the informant could be questioned "as to the time and circumstances that he allegedly saw these packages in this apartment" (Record, page 56). This request was properly denied because the accuracy of the information provided by the informant is not relevant. Probable cause is established if the facts alleged by the informant, if true, establish illegality and the affiant-agent has reasonable grounds for believing in the truth of the allegations.

■ On this appeal appellant has expanded his request for a hearing to include an opportunity to attack the statements of previous reliability of the informant. As this demand was not timely raised before the District Judge, it may not be considered here. United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

Affirmed.