**UNITED STATES of America ex rel. Joseph DeROSA, Relator-Appellant,**

v.

**Hon. J. Edwin LaVALLEE, as Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

**No. 278, Docket 32801.**

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1969.

Decided Jan. 15, 1969.

William E. Hellerstein, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Joel Lewittes, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, MOORE and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge:

This appeal seeks a review of state court decisions and that of the district court which held that a search warrant issued by a state court judge met constitutional requirements.

Joseph DeRosa was convicted in March, 1966 in New York Supreme Court, Bronx County, following his plea of guilty to attempted felonious possession of a narcotic drug, and was sentenced as a second felony offender to a term of three to five years imprisonment. Prior to his plea of guilty, DeRosa moved, in accordance with New York Code of Criminal Procedure § 813–c, to set aside a search warrant issued by a Criminal Court judge, and to suppress the evidence obtained pursuant to it. A hearing was held and the motion was denied. The conviction was affirmed by the New York Appellate Division and leave to appeal to the New York Court of Appeals was denied. DeRosa then sought habeas corpus in the Southern District, alleging, as he had in the state courts, that the search warrant was issued on an insufficient showing of probable cause and that the identity of a police informer, whose information was used in obtaining the warrant, was improperly kept secret. DeRosa now appeals the district court's denial of his application.

■■ Whether a search warrant was properly issued on probable cause is to be determined solely upon the information presented to the issuing magistrate, unless, of course, this is proved to have been false, to the knowledge of the affiant, in a material respect. Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). The test is whether there was substantial basis for the magistrate to make a "neutral and detached" determination that probable cause existed. Aguilar v. Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

■ In the present case the contested warrant was issued on the basis of a supporting affidavit from Detective Joseph Catale of the New York City Narcotics Bureau. This affidavit stated that Detective Catale had reliable information, from an informant who had given information leading to several arrests and narcotics convictions, that heroin and cocaine were kept at DeRosa's apartment. It also stated that the apartment at 3121 Middletown Road had been under surveillance by Catale and that "known drug sellers" had been seen entering and leaving on three different occasions on two days, January 22 and January 25, 1965.

Although a hearsay recitation regarding information provided by an unnamed informant, without more, would be insufficient for a finding of probable cause, Aguilar v. Texas, supra; United States ex rel. Rogers v. Warden, 381 F.2d 209, 215 (2 Cir. 1967), the warrant here was further supported by statements of fact within Catale's knowledge concerning the informant's reliability and the results of Catale's surveillance. Cf. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). In Aguilar v. Texas, supra, the Supreme Court held that an affidavit which merely recited that the affiant had "reliable information from a credible person" that narcotics were at a certain premises would not support the issuance of a search warrant. The Court pointed out, however, that "if the fact and the results of * * * a surveillance had been appropriately presented to the magistrate, this would, of course, present

an *entirely different case.*" 378 U.S. at 109 n. 1, 84 S.Ct. at 1511. In United States ex rel. Rogers v. Warden, supra, we said:

"We believe that the only feasible interpretation of the Supreme Court's language [quoted above] is that the facts disclosed by a surveillance and presented to the magistrate must be independently analyzed by him in order that he can determine whether, standing alone, or when considered with hearsay information in the affidavit, they support a finding of probable cause." 381 F.2d at 219.

■ Catale's affidvait listed three occasions on which "known drug sellers" were seen entering DeRosa's apartment. At the state court hearing, Catale testified that Joseph Serota, a drug seller (although not a "well-known drug seller"), had entered DeRosa's apartment on January 22, and that Sabeno Alveno, "a known drug seller," had entered the apartment twice on January 25. Appellant argues that the facts with respect to the surveillance were not as stated in the affidavit, apparently because the affidavit listed three occasions when drug sellers were seen entering whereas only two different sellers were so seen. It is apparent, however, that the facts shown at the hearing are not at all inconsistent with the statements in the affidavit. It is irrelevant that Catale saw the same person twice rather than two people other than Serota; indeed, it could be argued that the two visits by one known drug seller within a short space of time were even more probative than visits by two.

It appears, therefore, that the judge who issued the warrant knew that an informant had told Catale that narcotics were kept in DeRosa's apartment, that the informant had previously provided information leading to narcotics convictions, and that surveillance by Catale had revealed known narcotics sellers entering the apartment. We conclude that this was sufficient to justify issuance of the warrant.

■ Appellant's other contention, that he was deprived of due process and de-nied his right to confront witnesses against him by the state court's failure to require disclosure of the informant, is also without merit. See McCray v. Illinois, supra, where the Supreme Court held that the state court's failure to direct disclosure of the informant's identity did not violate due process.

Affirmed.