**UNITED STATES of America,
Appellee,**

v.

**Robert VIGGIANO, Defendant-Appellant.
No. 193, Docket 35212.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 7, 1970.

Decided Nov. 10, 1970.

---

Jerome Lewis, New York City, for appellant.

James O. Druker, Special Atty., Dept. of Justice (Edward R. Neaher, U. S. Atty., E.D.N.Y., and Denis E. Dillon, Sp. Atty., Dept. of Justice, on the brief), for appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

The appellant Robert Viggiano was convicted on a single charge of possession of stolen goods in violation of Title 18 U.S.C. § 659 and was sentenced to five years imprisonment. At the trial the Government presented evidence which was the product of a search and seizure authorized by two search warrants issued by a United States Commissioner. The accused challenged the validity of the warrants on the ground that the supporting affidavits on which the Commissioner relied were insufficient to show probable cause. A motion to suppress was made in advance of trial; the court held a hearing on the motion and denied it. The defendant now appeals from the judgment of conviction because the trial court refused to exclude the evidence seized. We affirm.

The search warrants were based upon the affidavits of F.B.I. Special Agent Paul Stapleton and were issued on October 24, 1968. They authorized the F.B.I. agents to search the ground floor of a dwelling located on Farragut Road and occupied by Allen Viggiano, appellant's brother, and the garage attached to the premises at 245–02 South Conduit Boulevard, Queens. The agents executed the warrants the following day and seized six cartons of Russ Togs brand wearing apparel at the Farragut Road residence.

The F.B.I. learned of the stolen goods and their whereabouts through one Allen Magid, a "walk-in," with whom the F.B.I. had had no experience before he came to the Bureau offices on October 24, 1968. After interviewing Magid, the F.B.I. agents made a quick investigation of their own and Agent Stapleton prepared affidavits summarizing Magid's report and the results of the F.B.I. inquiries. In substance the affidavits [1] gave the Commissioner the information that: in August, 1968 Robert Viggiano told Magid that he had just purchased a load of Russ Togs clothing which he wanted to resell for $17,000; that a month later one Vic Orena gave Magid a key to the garage at 245–02 South Conduit Boulevard, Queens, with instructions to show the merchandise to prospective buyers; that Magid entered the garage October 22, 1968 and saw a quantity of boxes, bearing Russ Togs labels, some of which bore out-of-state addresses, and a quantity of ladies' and children's wearing apparel, having Russ Togs labels; and that Magid had given

1. The district court properly considered the allegations of both affidavits as if submitted in a single application. United States v. Serao, 367 F.2d 347, 348–350 (2 Cir. 1966), vacated on other grounds, 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034 (1968).

Agent Stapleton the key to the South Conduit Boulevard garage.[2]

They further stated that in early October, 1968, Robert Viggiano told Magid he had received another Russ Togs load, and Viggiano showed Magid a quantity of boxes bearing Russ Togs labels with out-of-state addresses; that on October 7, 1968 Robert Viggiano told Magid that he had moved "the load" to a storage room on the ground floor of his brother's home "around the corner," and that Magid knew that Allen Viggiano, Robert's brother, lived "around the corner" at 9031 Farragut Road; that Robert Viggiano informed Magid on October 20, 1968 that the merchandise was still at the Farragut Road address and that Magid would be told when the shipment was moved elsewhere, but that Magid had not been so informed before reporting to the F.B.I.

They also disclosed that by its own inquiries, the F.B.I. learned that a truck containing $36,000 worth of Russ Togs apparel consigned to out-of-state purchasers had been hijacked in Manhattan on August 20, 1968; that a motor carrier's depot had been burglarized September 30, 1968 and that a quantity of Russ Togs apparel, labelled for interstate shipment, had been stolen.

Appellant contends the warrants obtained on the basis of these allegations were issued without probable cause. In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the Supreme Court discussed the constitutional standards to be applied in assessing the sufficiency of a warrant application containing not only an informant's report but also the results of an independent F.B.I. investigation which was said to corroborate at least a part of the informant's representations. The Court in that case reaffirmed the dual requirements of Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), that the warrant application must state "some of the underlying circumstances" from which the informant drew his conclusions concerning the suspect's criminal activities and disclose some of the reasons which gave assurance of the informant's reliability.

In the present case the question is whether or not there was sufficient in the informant's report and the information gained by the F.B.I. in its outside inquiry, both as stated in the affidavits, to justify the Commissioner in deciding that the informant was generally trustworthy and that what the informant knew which led to his making the charge was obtained in a reliable way. Spinelli v. United States, *supra*, 393 U.S. at 417, 89 S.Ct. at 589, 21 L.Ed.2d 637.

We conclude that the affidavits were sufficient to justify a finding of probable cause for the issuance of the warrants. The detailed information reported by Magid, most of which was based upon his personal observation together with admissions made directly to him by the appellant, his own admissions as aider and abettor,[3] his possession of the key to the garage, which he turned over to the F.B.I. and the corroboration of the

---

2. F.B.I. agents did not attempt to use this key to the South Conduit Boulevard garage before applying for the search warrants.

3. See Spinelli v. United States, 393 U.S. 410, 425, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (White, J. concurring); Owens v. Scafati, 273 F.Supp. 428, 429 (D. Mass.1967), cert. denied, 391 U.S. 969, 88 S.Ct. 2043, 20 L.Ed.2d 883 (1968).

In Gilbert v. United States, 366 F.2d 923, 931 (9 Cir. 1966), the court found credible the report of a "fully confessed participant in the crime, mortally wounded, and beyond expectation of personal benefit by incriminating the innocent." While Magid was apparently far from being *in extremis*, he does involve himself in his report as a peripheral participant in agreeing to aid and abet in disposing of the stolen goods. While not conclusive on the matter of Magid's trustworthiness, it is something the Commissioner was entitled to consider, because it is more unusual than not that a man would recount his involvement in criminal activity when in fact there was no such criminal activity.

outside information picked up by the F.B.I., such as the facts and dates of the hijacking and theft of the garments, the brand name of the items, the addresses to out-of-state consignees, the relative consistency of price (all things considered) between the manufacturer's invoices and appellant's purchasing and asking prices, all afford the kind and quality of evidentiary material that support and confirm the Commissioner's conclusion that the informant was generally trustworthy. See Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

In United States v. Bozza, 365 F.2d 206 (2 Cir. 1966), for example, the affiant-officer investigated the burglary of a New Jersey motor vehicle agency from which validating machines and license forms had been stolen. An informant turned over to the police stolen operators licenses he allegedly purchased from Kuhle. On the basis of this information a search of Kuhle's house was authorized. Rejecting the defendant's contention that the warrant was issued without probable cause, this court stated that "[t]he identity of the licenses found on [the informant] with those known [by the affiant] to have been stolen was a far stronger reason for believing [the informant] than a record of an informer's previous reliability." See United States v. Wood, 270 F.Supp. 963, 967 (S.D. N.Y.1967).

The affidavits also sufficiently report the "underlying circumstances" which "enable the magistrate independently to judge of the validity of the informant's conclusion * * *" that the appellant was engaged in criminal activity. The above mentioned items of information are relevant also to this portion of the test standard. Particular weight should be given to matters within the informant's own observation and hearing. In *Spinelli* the Supreme Court gave recognition to personal observation as a reliable basis for an informant's report. 393 U.S. at 416, 89 S.Ct. at 589, 21 L.Ed. 2d 637. The affidavits stated that Magid personally observed boxes of Russ

Togs merchandise at both the South Conduit Boulevard address and in Robert Viggiano's garage. Although the affiant did not represent that Magid had seen the cartons at the Farragut Road address, he did allege that Robert Viggiano told Magid that the goods stored in his garage had been moved to the Farragut Road premises and that Magid would be informed if they were again moved. A man of reasonable caution could infer from these allegations that Magid had been accurately informed concerning the location of the stolen goods in order that he might facilitate the sale of those goods. The warrant applications plainly showed that Magid was relying "on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, *supra* at 416, 89 S.Ct. at 589, 21 L.Ed.2d 637.

The judgment of the district court is affirmed.