463 F.2d 1066
 UNITED STATES of America, Appellant,
v.
Samual SULTAN, Appellee.
 No. 645, Docket 72-1114.
 United States Court of Appeals,
 Second Circuit.
 Argued April 18, 1972.
Decided July 5, 1972.
 
 Ronald E. DePetris, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E.D.N.Y., David G. Trager, Asst. U. S. Atty., on the brief), for appellant.
 Stephen A. Russo, New York City (submitted), for appellee.
 Before WATERMAN, HAYS and FEINBERG, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 The Government appeals from an order of the United States District Court for the Eastern District of New York, granting Samuel Sultan's motion to suppress evidence seized from his residence pursuant to a search warrant. We reverse.
 
 
 2
 Sultan was indicted for knowingly and fraudulently concealing the assets of a bankrupt, in violation of 18 U.S.C. Sec. 152 (1970). He is the principal officer of Sultan's Big Discount, Inc., which was adjudicated an involuntary bankrupt on June 8, 1970. On the basis of an affidavit sworn to on January 7, 1971, George M. Hand, a Special Agent of the FBI investigating the case, applied to a United States magistrate for a search warrant. The warrant was issued and was executed the same day. The search resulted in the discovery and seizure of assets of the bankrupt that were being concealed at Sultan's residence and garage. The district court granted Sultan's motion to suppress this evidence on the ground that the warrant was issued without probable cause.
 
 
 3
 Agent Hand's affidavit recited his belief that "general merchandise and assets of Sultan's Big Discount, Inc." were being concealed on Sultan's property, and it continued as follows:
 
 
 4
 "The source of your deponent's information and the grounds for his belief are as follows:
 
 
 5
 1. An involuntary petition of bankruptcy was filed on or about April 15, 1970 . . . by . . . creditors of the said bankrupt Sultan's Big Discount, Inc.
 
 
 6
 2. Investigation by your deponent which revealed that Samuel Sultan . . . was and still is principal officer of the bankrupt . . . .
 
 
 7
 3. Information given to your deponent by one Charles Sultan, cousin of Samuel Sultan, that he was told by Samuel Sultan on or about January 5, 1971 that the merchandise and assets of the bankrupt Sultan's Big Discount, Inc. were being concealed from the Trustee in Bankruptcy in the house at 1557 East 21st St., Brooklyn, N.Y., and additionally, in a detached garage on said premises."
 
 I.
 
 8
 The issue on this appeal is whether Hand's affidavit was sufficient to establish probable cause for believing that Samuel Sultan was committing a crime. In deciding this issue we are mindful that probable cause is more readily found to support a warrant than to validate a warrantless arrest or search. United States v. Ventresca, 380 U.S. 102, 106-107, 85 S.Ct. 741, 13 L. Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 110-111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 270-271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
 
 
 9
 The hearsay statement of Charles Sultan, as set out in the third paragraph of the affidavit above, was concededly necessary to establish probable cause. When an affiant seeking a search warrant relies on hearsay,
 
 
 10
 "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable."'
 
 
 11
 Aguilar v. Texas, supra, 378 U.S. at 114, 84 S.Ct. at 1514 (footnote omitted).
 
 
 12
 The requirement of Aguilar, that the basis of the informant's belief be shown, is met here by the informant's statement that his information was based upon defendant's own admission. See Spinelli v. United States, 393 U.S. 410, 416 (1969), and id. at 425, 89 S.Ct. 584, 21 L.Ed.2d 637 (White, J. concurring); United States v. Ventresca, supra, 380 U.S. at 110, 85 S.Ct. 741; United States v. Alonzo, 447 F.2d 126 (2d Cir. 1971); United States v. Dunnings, 425 F.2d 836, 839 (2d Cir. 1969), cert. denied, 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970); United States v. Bozza, 365 F. 2d 206, 224-225 (2d Cir. 1966); United States v. Freeman, 358 F.2d 459 (2d Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966).
 
 
 13
 The district court held, however, that the affidavit did not meet the requirement of Aguilar that there be some showing of the trustworthiness of the informant himself. We disagree. A recitation that an unnamed informant has previously supplied accurate information is sufficient to justify reliance on the informant's story, United States v. Dunnings, supra, 425 F.2d at 839; United States v. Ramos, 380 F.2d 717 (2d Cir. 1967); United States v. Perry, 380 F.2d 356, 358 (2d Cir.), cert. denied 389 U.S. 943, 88 S.Ct. 307, 19 L.Ed.2d 299 (1967); United States v. Freeman, supra, 358 F.2d at 462, but it is not necessary. "Such a recital . . . is only one way of validating hearsay . . . ." United States v. Bozza, supra, 365 F.2d at 225. See also United States v. Harris, 403 U.S. 573, 581-582, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (plurality opinion). An untested informant's story may be corroborated by other facts that become known to the affiant, even if they corroborate only innocent aspects of the story. See United States v. Dzialak, 441 F.2d 212 (2d Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 218, 30 L.Ed.2d 165 (1971); United States v. Viggiano, 433 F.2d 716 (2d Cir. 1970), cert. denied, 401 U.S. 938, 91 S.Ct. 934, 28 L.Ed.2d 219 (1971). Information from named and unnamed informants has been held sufficient by virtue of the status of the informants or their relationship to the crime or to the defendant. United States ex rel. Cardaio v. Casscles, 446 F.2d 632, 637 (2d Cir. 1971) (victim of crime, despite his own criminal involvement); United States v. Viggiano, supra (named informant implicated himself in criminal activity); United States v. Conti, 361 F.2d 153, 156 (2d Cir. 1966), vacated and remanded on other grounds sub nom. Stone v. United States, 390 U.S. 204, 88 S.Ct. 899, 19 L. Ed.2d 1035 (1968) (unnamed Special Agent of the Internal Revenue Service); McCreary v. Sigler, 406 F.2d 1264 (8th Cir.), cert. denied, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969) (unnamed eyewitness); United States v. Brown, 455 F.2d 1201 (9th Cir. 1972) (confessing co-criminal); Louie v. United States, 426 F.2d 1398, 1401 (9th Cir.), cert. denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970) (co-criminal who admitted guilt and cooperated with police); Ignacio v. Territory of Guam, 413 F.2d 513, 519 (9th Cir. 1969), cert. denied, 397 U.S. 943, 90 S.Ct. 959, 25 L. Ed.2d 124 (1970) (neighbor); Parker v. United States, 407 F.2d 540, 542 (9th Cir. 1969) (defendant's small daughter).
 
 
 14
 The principle in all these cases, of course, is that the magistrate must have a "'substantial basis' for crediting the hearsay." United States v. Harris, supra, 403 U.S. at 581, 91 S.Ct. at 2080 (plurality opinion). See also Jones v. United States, supra, 362 U.S. at 269, 271, 80 S.Ct. 725; United States v. Bozza, supra, 365 F.2d at 225. This principle, and the cases cited above, lead to the conclusion that the affidavit offered to the magistrate in this case was sufficient for him to conclude that Charles Sultan was reliable. He was named in the affidavit, was related to the defendant, and was reporting an admission of criminal activity by the defendant.
 
 
 15
 Moreover, the Supreme Court has noted that when certain kinds of crimes are involved, informants are "much less likely" to lie than "in narcotics cases or other common garden varieties of crime . . . ." Jaben v. United States, 381 U.S. 214, 224, 85 S. Ct. 1365, 1370, 14 L.Ed.2d 345 (1965). Jaben was a tax evasion case. The principle would appear equally applicable to a case of bankruptcy fraud.
 
 
 16
 We conclude that the affidavit on its face fulfilled the constitutional requirement that it be issued only on a showing of probable cause.
 
 II.
 
 17
 The district judge also invalidated the affidavit on the ground that "the hearing on the defendant's motion revealed a material discrepancy between the informant's testimony under oath and the information the affidavit alleges he gave Agent Hand" (footnote omitted). However our own examination of the testimony gives rise to considerable doubt that the discrepancy was in fact material.[1] More importantly, probable cause is not defeated because an informant is later proved to have lied, as long as the affiant accurately represented what was told him. United States v. Dunnings, supra, 425 F.2d at 839-840; United States ex rel. DeRosa v. LaVallee, 406 F.2d 807, 808 (2d Cir.), cert. denied, 396 U.S. 854, 90 S.Ct. 115, 24 L. Ed.2d 103 (1969) (probable cause is "determined solely upon the information presented to the issuing magistrate, unless, of course, this is proved to have been false, to the knowledge of the affiant, in a material respect" (emphasis added)).[2] As this court said in United States v. Perry, supra,
 
 
 18
 "the accuracy of the information provided by the informant is not relevant. Probable cause is established if the facts alleged by the informant, if true, establish illegality and the affiant-agent has reasonable grounds for believing in the truth of the allegations."
 
 
 19
 Id. 380 F.2d at 358.
 
 
 20
 United States v. Roth, 391 F.2d 507 (7th Cir. 1967), which is relied on heavily by Sultan here, does not lead to a contrary result; in that case the discrepancy, as revealed by the affiant's own testimony, was between what the informant told the affiant and the affiant's statement in his affidavit. We do not read the district court opinion as finding that Agent Hand knowingly misrepresented his knowledge to the magistrate. Nor did Charles Sultan ever deny saying to Hand what Hand said he had said. The mere possibility that he lied to Agent Hand does not, as the foregoing cases demonstrate, invalidate the warrant.
 
 
 21
 The district court also held that the discrepancies in the testimony disproved Agent Hand's representation that Charles Sultan was reliable. Again, however, this evidence of his unreliability was not shown to have been known to Agent Hand.
 
 III.
 
 22
 Sultan urged unsuccessfully below, and urges here as an alternative ground for affirming the order of the district court, that the warrant failed to describe the things to be seized with sufficient particularity. In this context of a bankrupt corporation that had a wide-ranging inventory, the phrase "various general merchandise and assets of Sultan's Big Discount, Inc." was sufficiently specific. United States v. Pascente, 387 F.2d 923, 924 (7th Cir. 1967), cert. denied, 390 U.S. 1005, 88 S.Ct. 1248, 20 L.Ed.2d 105 (1968). "[W]hen first amendment rights are not involved, the specificity requirement is more flexible." United States v. Scharfman, 448 F.2d 1352, 1354 (2d Cir. 1971), cert. denied, 405 U.S. 919, 92 S.Ct. 944, 30 L. Ed.2d 789 (1972). See Stanford v. Texas, 379 U.S. 476, 485-486, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965).
 
 
 23
 The order of the district court is reversed.
 
 
 
 [1]
 At the hearing, Charles Sultan testified as to his conversations with Samuel and with Agent Hand. He said that Samuel had told him "that this merchandise [that Samuel had taken to his home] was brought in from the warehouse in Long Island . . . ." The Government's efforts to ascertain whether the merchandise belonged to the bankrupt were blocked by objections, which were apparently sustained on the sole ground that the questions were leading, or that the answers were unresponsive. The district court held that Charles's testimony, as quoted above, contradicted Agent Hand's testimony and his affidavit, because Charles "did not mention the bankrupt corporation nor its assets," and did not state that the merchandise came from "the business premises of a bankrupt."
 
 
 [2]
 Since a hearing was in fact held on the existence of factual inaccuracies in the affidavit, this case does not raise the question, which is still open, of when an evidentiary hearing must be had on the question when the affidavit and warrant are valid on their face. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); United States v. Ramos, supra; United States v. Suarez, 380 F.2d 713 (2d Cir. 1967); United States v. Freeman, supra, 358 F. 2d at 463 n. 4. See United States v. Halsey, 257 F.Supp. 1002 (S.D.N.Y. 1966), aff'd in open court, June 12, 1967 (No. 31369); Note, Testing the Factual Basis for a Search Warrant, 67 Colum.L.Rev. 1529 (1967)