Joseph VASSERMAN, Petitioner,

v.

WARDEN, AUBURN STATE PRISON and Warden, Federal House of Detention, Respondents.

No. 74 Civ. 3080.

United States District Court, S. D. New York.

March 24, 1976.

Joseph Vasserman pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for respondent Warden, Auburn State Prison; Thomas P. Bartley, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now confined at the Auburn Correctional Facility, Auburn, New York, pursuant to a judgment of conviction entered in the New York State Supreme Court upon his plea of guilty to criminal possession of a dangerous drug in the third degree, seeks his release upon a federal writ of habeas corpus. He grounds his application upon a claim of violation of his federally protected constitutional rights centering about the alleged invalidity of a search warrant and the subsequent search of

his apartment and the seizure of narcotics and a loaded revolver. Petitioner moved in the state courts to suppress the evidence and upon denial entered the plea of guilty, following which he was sentenced to an indeterminate term of no minimum up to a maximum of eight years. Upon appeal,[1] the judgment of conviction was affirmed without opinion[2] and leave to appeal to the New York Court of Appeals was denied. Thus it appears that petitioner has exhausted available state remedies.

■ Petitioner's first claim is that no probable cause existed for the warrant for the search of his apartment. The facts indicate otherwise. The affidavit of a detective in support of the warrant was based essentially upon information received by the police from a confidential informant. The information received from the informant was based upon his direct personal observation of narcotics in defendant's apartment on the day before the warrant was issued. The detective further swore that the informant was reliable and had previously given information which resulted in three arrests, one of which was followed by a successful prosecution and two of which were still pending. The names of the three arrested individuals were given to the judge who issued the warrant. The detective also swore that three days before the warrant issued he personally had observed a known seller of narcotic drugs entering and leaving the petitioner's apartment building.

As our Court of Appeals recently stated:

"Though fine judgments are often required to determine whether an affidavit states facts sufficient to show probable cause for issuance of a search warrant, the basic standard for the decision is well-settled. When an affidavit relies on an informant's tip to establish probable cause, the affidavit must, first, set forth 'some of the underlying circumstances' forming the basis of the informant's conclusion that there is illegal activity or evidence thereof on the premises, and, second, it must state facts which give some assurance that the informant is a credible person."[3]

The instant affidavit passes both prongs of the *Aguilar-Spinelli* test. The basis of the informant's tip was personal and recent observation, a circumstance which demonstrated a substantial ground for believing that the tip was truthful.[4] Additionally, that the informant had previously supplied the police with accurate information, combined with the observation of the detective, was a sufficient basis for the magistrate to conclude that the informant was a "credible person" and that there was probable cause for the issuance of the warrant.[5]

■ Petitioner's further challenge to the sufficiency of the warrant, based upon his uncorroborated assertion that the detective who signed the supporting affidavit perjured himself at the hearing on the motion to suppress (and presumably in his affidavit as well), flies in the face of the state court's finding after a full hearing that "the officer's truthfulness has in no wise been impaired

1. The guilty plea did not foreclose his right to appeal from the adverse ruling on his suppress motion, N.Y.Crim.Proc.Law § 710.20(1), 710.-70(2), and does not bar his right to seek habeas corpus relief in this court. *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).

2. 37 A.D.2d 801, 324 N.Y.S.2d 747 (1st Dep't 1971).

3. *United States v. Karathanos*, 531 F.2d 26, 2d Cir. 1976, *citing Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637

(1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

4. *Cf. United States v. Harris*, 403 U.S. 573, 579, 91 S.Ct. 2075, 2079, 29 L.Ed.2d 723, 731 (1971); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *United States v. Canestri*, 518 F.2d 269, 272 (2d Cir. 1975).

5. *Cf. United States v. Sultan*, 463 F.2d 1066, 1068–69 (2d Cir. 1972); *United States v. Dunnings*, 425 F.2d 836, 839 (2d Cir. 1969), *cert. denied*, 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970).

. . . . [T]he information submitted to the issuing judge was truthful in all substantial respects . . . ." In addition, the issuing judge made his own evaluation of the detective's veracity and chose not to call for the production of the informant, whose name was divulged to him. The state court, after a full and fair hearing, with an opportunity to observe the demeanor of the witnesses, resolved any factual disputes as to the existence of probable cause against the petitioner. Other than his own averment, he has not submitted a single evidentiary fact to support his charge of perjury so as to require a further hearing in this court. It is not without significance that petitioner himself did not testify at the suppression hearing, but relied solely upon cross-examination by his counsel of the state's witnesses. There is not the slightest basis to impugn the integrity of the state fact-finding process.[6]

 Petitioner's remaining claims also are without substance. The prosecution's introduction at the suppression hearing of a carbon copy of the original warrant, which was lost, plainly presents no constitutional claim, and the Presiding Judge at the suppression hearing explicitly stated in his ruling that in assessing probable cause he did not consider evidence of police observations that had not been presented to the judge who issued the warrant.

The petition is dismissed.

6. Cf. United States ex rel. White v. Fay, 349 F.2d 413 (2d Cir. 1965); United States ex rel. Marinaccio v. Fay, 336 F.2d 272 (2d Cir. 1964); United States ex rel. Homchak v. People, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964). See also 28 U.S.C. § 2254(d).