550 F.2d 784
 Martin KAHN and Ernest Fendt, Petitioners-Appellants,
v.
Walter J. FLOOD, as Warden of the Nassau Correctional
Facility, and the People of the State of New York by and
through the Hon. Denis Dillon, District Attorney of the
County of Nassau, Respondents-Appellees.
 No. 587, Docket 76-2138.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 17, 1977.
Decided Feb. 22, 1977.
 
 Edwin I. Schulman, Brooklyn, N. Y. (Schulman & Laifer, Brooklyn, N. Y., on the brief), for petitioners-appellants.
 Anthony J. Girese, Asst. Dist. Atty., New York City (Denis Dillon, Dist. Atty., Nassau County, William C. Donnino, Asst. Dist. Atty., Mineola, N. Y., of counsel), for respondents-appellees.
 Before LUMBARD, FEINBERG and MULLIGAN, Circuit Judges.
 MULLIGAN, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of New York, Hon. George C. Pratt, District Judge, entered on July 16, 1976 which dismissed the petition by Martin Kahn and Ernest Fendt for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon pleas of guilty, petitioners were convicted on October 7, 1974 in the County Court of Nassau County, New York of possession of gambling records in the first degree in violation of New York Penal Law § 225.20. Kahn and Fendt were sentenced respectively to 10 months and 45 days and were given fines of $2,500 and $1,000. They had reserved their rights to appeal on the suppression-of-evidence issue in their case, but their convictions were unanimously affirmed without opinion on January 28, 1976. People v. Kahn, 51 A.D.2d 595, 378 N.Y.S.2d 1014 (2d Dept.), leave to appeal denied, 39 N.Y.2d 749, 751, 384 N.Y.S.2d 1035, 349 N.E.2d 887 (1976).
 
 
 2
 Petitioners' guilty pleas followed an unsuccessful attempt to suppress gambling paraphernalia seized from the apartment where they conducted their operation. In challenging in the state courts the validity of the warrant which authorized the search, petitioners sought to show that the affidavit submitted in support of the application was false in material respects, not because of any perjury of the affiant, but because the affiant's source of information had lied to him. The state courts rejected this argument, holding that only perjury by the affiant would invalidate the warrant and the search dependent upon it. Petitioners now argue that this restriction on the scope of inquiry deprived them of "an opportunity for full and fair litigation of (their) claim in the state courts," Stone v. Powell, 428 U.S. 465, 469, 96 S.Ct. 3037, 3039, 49 L.Ed.2d 1067 (1976), and that consequently they are not precluded from raising the issue anew in a federal habeas corpus proceeding. We affirm the judgment dismissing the petition.
 
 
 3
 On January 20, 1972, Sgt. John Lang of the Nassau County Police Department applied for a search warrant for apartment 1-O at 25 Park Place, Great Neck, New York. The sources of the information upon which the application was based were a confidential informant, Kahn and Fendt's past records of gambling offenses, the officer's personal observations, and a conversation with the superintendent of the apartment building, Thomas Barkley.[1] Barkley told Lang that on the landlord's instructions, he had entered the apartment in question to determine whether the previous tenants had moved out. Upon doing so, he discovered that all furniture had been removed, but one bedroom contained four telephones, various electronic equipment, and newspaper clippings pasted on the wall. The warrant was executed, the gambling equipment seized, and petitioners were arrested and indicted for possession of gambling records and related crimes.
 
 
 4
 On October 24, 1973, after an initial suppression hearing, the validity of the warrant was upheld against an attack on the reliability of the confidential informant and the sufficiency of the warrant. The court held that the information obtained from Barkley together with Lang's personal observations were sufficient to establish probable cause, regardless of the informant's reliability. Petitioners then obtained a second hearing on December 11, 1973 at which they alleged that the superintendent had lied to the police officer. Following People v. Alfinito, 16 N.Y.2d 181, 264 N.Y.S.2d 243, 211 N.E.2d 644 (1965), the court required petitioners to demonstrate that the statements made by the affiant were perjurious. Since that standard was not satisfied, suppression was denied and petitioners' guilty pleas followed. Having exhausted state remedies, petitioners now turn to the federal courts for relief.
 
 
 5
 In Stone v. Powell, supra, the Supreme Court balanced the utility of the exclusionary rule against the costs of extending it to collateral review of Fourth Amendment claims and held that
 
 
 6
 where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.
 
 
 7
 428 U.S. at 494, 96 S.Ct. at 3052 (footnotes omitted). Petitioners contend that they were denied a "full and fair" hearing in the state courts because of the New York rule which requires a demonstration of perjurious statement by the affiant, a rule allegedly more restrictive than that which obtains in federal court. On the contrary, it is clear that neither jurisdiction would invalidate the warrant without some showing of an affiant's knowing misstatement.[2]
 
 
 8
 Mapp v. Warden, 531 F.2d 1167 (2d Cir. 1976) was an appeal from the denial of a writ of habeas corpus sought on the ground of a claimed violation of Fourth Amendment rights. Appellants challenged the validity of a search because of an inconsistency between a statement in the affidavit submitted in support of the application for a warrant and defense testimony elicited at trial. In rejecting the argument, this court demonstrated the similarity between the federal and state rules on the question here in issue.
 
 
 9
 This apparent inconsistency merely challenges the accuracy of the information furnished by the informant. Probable cause is not defeated because an informant may have erred or lied, "as long as the affiant accurately represented what was told him", (United States v. Sultan, 463 F.2d 1066, 1070 (2d Cir. 1972)); and there is no evidence that (the affiant) misrepresented what he was told.
 
 
 10
 Id. at 1172-73 (footnote omitted). Accord, United States ex rel. DeRosa v. LaVallee, 406 F.2d 807, 808 (2d Cir.), cert. denied, 396 U.S. 854, 90 S.Ct. 115, 24 L.Ed.2d 103 (1969) (probable cause determined upon information furnished issuing magistrate unless materially false "to the knowledge of the affiant"); United States v. Perry, 380 F.2d 356, 358 (2d Cir.), cert. denied, 389 U.S. 943, 88 S.Ct. 307, 19 L.Ed.2d 299 (1967) (probable cause established if facts alleged establish illegality if true and affiant has reasonable grounds for believing them true; accuracy of informant's information "not relevant").
 
 
 11
 The authorities cited by petitioners do not controvert this rule. United States v. La Vecchia, 513 F.2d 1210, 1217-18 (2d Cir. 1975); United States v. Gonzalez, 488 F.2d 833, 837 (2d Cir. 1973) and United States v. Bozza, 365 F.2d 206, 223-24 (2d Cir. 1966) involved inaccuracies in statements made by affiants.[3]
 
 
 12
 Since there is no difference between the state and federal rules on this point, petitioners have failed to demonstrate that the New York courts afforded them anything less than a full and fair hearing on their Fourth Amendment claim. Stone v. Powell, supra, thus bars this attempt to relitigate that claim in a federal forum.
 
 
 13
 Affirmed.
 
 
 
 [1]
 In his application, Lang explained that a reliable, confidential informant had told him that Fendt was conducting a bookmaking operation. When the officer had placed Fendt under surveillance, Fendt had led him to the apartment building at 25 Park Place. When Fendt had emerged from the building several hours later, he had been accompanied by Kahn. Two days later the same observations had been repeated: Fendt entered the building in the late afternoon, and exited several hours later with Kahn. According to Officer Lang, the late afternoon and early evening were the hours during which bookmaking operations are normally conducted
 Also submitted was Kahn's criminal record, which contained numerous convictions for bookmaking offenses; and Officer Lang stated that Fendt had grand larceny and gambling charges pending against him.
 
 
 [2]
 The federal rule might be different with respect to a reckless misstatement by an affiant, but that situation is not involved here. See United States v. Carmichael, 489 F.2d 983 (7th Cir. 1973). See generally Kipperman, Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence, 84 Harv.L.Rev. 825 (1971)
 At one point in his statement to the issuing judge the affiant here did erroneously imply that he had seen Kahn and Fendt entering and leaving apartment 1-O itself. However, it is clear from the context in which the misstatement was made that it was not material to the issuing judge's finding of probable cause.
 
 
 [3]
 Petitioners also rely upon United States v. Sultan, supra, 463 F.2d at 1070, but that case supports appellees' position and was so understood by this court in Mapp v. Warden, supra, 531 F.2d at 1173