UNITED STATES of America,
Appellant,

v.

The MERCHANT DIAMOND
GROUP, INC., Appellee.

No. 336, Docket 77–1278.

United States Court of Appeals,
Second Circuit.

Argued Oct. 19, 1977.

Decided Nov. 9, 1977.

Howard Weintraub, Washington, D. C. (Richard J. Arcara, U. S. Atty., W. D. N. Y., Buffalo, N. Y., Shirley Baccus-Lobel, Michael W. Farrell, Attys., Dept. of Justice, Washington, D. C., Lloyd George Parry, Sp. Atty., Buffalo Strike Force, Buffalo, N. Y., of counsel), for appellant.

Warren S. Radler, Buffalo, N. Y. (Saperston, Day & Radler, Buffalo, N. Y., Brian P. Fitzgerald, Buffalo, N. Y., of counsel), for appellee.

Before MULLIGAN and TIMBERS, Circuit Judges, and BONSAL, District Judge.*

PER CURIAM:

The United States appeals from an order of the United States District Court for the Western District of New York entered on June 23, 1977 (Curtin, *J.*) granting the motion of appellee Merchant Diamond Group, Inc. for the return of its property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.

Appellee is a Florida corporation engaged in the business of selling diamonds and is a

---

* Of the Southern District of New York, sitting by designation.

wholly-owned subsidiary of Merchant Diamond Group, Ltd. ("MDG, Ltd."), a Canadian company with headquarters in Toronto. Commencing in April, 1977, property of appellee was seized pursuant to several search warrants based on an affidavit of Ronald Snyder, United States Postal Inspector, which contained information furnished him by the Royal Canadian Mounted Police ("RCMP"). Alleging that the information furnished to Snyder by the RCMP was inaccurate in various respects, appellee moved before Judge Curtin for the return of the property seized. Following a hearing, Judge Curtin ordered the return of the property by order entered on June 23, 1977.

 The rule in this circuit seems to clearly provide that "[p]robable cause is not defeated because an informant may have erred or lied, 'as long as the affiant accurately represented what was told him'." *Mapp v. Warden, New York State Correctional Institute for Women,* 531 F.2d 1167, 1172–3 (2d Cir.), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976), *quoting United States v. Sultan,* 463 F.2d 1066, 1070 (2d Cir. 1972); *accord, Kahn v. Flood,* 550 F.2d 784, 785 & n.2 (2d Cir. 1977). Here, the question is not whether RCMP in furnishing information to Snyder lied or erred, but whether Snyder accurately represented what was told him. Since RCMP, which had conducted a two-year investigation, was clearly a "reliable informant," Snyder was justified in relying on the information which had been furnished him. Hence, probable cause existed at the time the warrants were issued. *See Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964): *United States v. Perry,* 380 F.2d 356, 358 (2d Cir.), *cert. denied,* 389 U.S. 943, 88 S.Ct. 307, 19 L.Ed.2d 299 (1967).

The standard of legality of a government seizure of property does not vary depending upon the stage of the criminal proceeding at which that seizure is challenged. Hence, the fact that the motion to suppress was made prior to the initiation of criminal proceedings is, in our view, irrelevant.

It appears that the order below was based upon the failure of the government to produce certain tapes made by RCMP. This would appear to be irrelevant since the accuracy of RCMP's information is not at issue. Appellee's argument that it was moving for the return of the property and not for the suppression of evidence is not persuasive since if the motion is granted pursuant to Rule 41(e), the property is automatically inadmissible at trial. *See United States v. Giacalone,* 541 F.2d 508, 512 (6th Cir. 1976) (en banc).

It appears from the record on appeal that the United states is prepared to return some of the property seized, which may be necessary to enable the appellee to continue in business.

The order of the District Court is reversed and the matter remanded to Judge Curtin for a determination as to what property may be returned to the appellee.