13-2809-cr
*United States v. Blake*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand fourteen.

Present:        ROBERT A. KATZMANN,
                        *Chief Judge*,
                ROBERT D. SACK,
                GERARD E. LYNCH,
                        *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                                        No. 13-2809-cr

AKEEM CRUZ, AKA VYBE, AKA MELLO,

                *Defendant*,

ROBERT BLAKE, AKA BANKS, AKA
MIKE BLAKE, AKA BLADE, AKA BA,

                *Defendant-Appellant*.

_____

For Appellee:                          Winston M. Paes and Susan Corkery, Assistant U.S.
                                       Attorneys, *for* Loretta E. Lynch, U.S. Attorney for the
                                       Eastern District of New York, Brooklyn, NY

For Defendant-Appellant:               Lawrence D. Gerzog, New York, NY
_____

Appeal from the United States District Court for the Eastern District of New York
(Korman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**, in part,

and **REMANDED**, in part, for further proceedings consistent with this opinion.

Defendant-Appellant Robert Blake appeals from a judgment of conviction entered May

24, 2013, and sentence entered on July 15, 2013, by the United States District Court for the

Eastern District of New York (Korman, *J.*), after Blake pleaded guilty to transportation of an

individual for the purpose of prostitution under 18 U.S.C. § 2421.  The district court sentenced

Blake to 84 months of imprisonment, less 177 days already served, and three years of supervised

release.  As a condition of supervised release, the district court required Blake to "comply with

any sex offender registration requirements mandated by the law."  Appellant's App'x 164.  We

assume the parties' familiarity with the underlying facts and procedural history of this case, as

well as with the issues on appeal.

We review a district court's sentencing decision for reasonableness under an abuse-of-

discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Employing that standard, we

"must first ensure that the district court committed no significant procedural error . . . [and] then

consider the substantive reasonableness of the sentence imposed."  *Id.*  Blake contends that the

district court erred both procedurally and substantively.

Blake first argues that the district court committed procedural error in applying a sentencing enhancement for obstruction of justice based on Blake's false testimony provided in support of his request for a *Fatico* hearing. He raises four challenges to this enhancement.

As his first challenge, Blake contends that the district court clearly erred in relying upon a statement made by Serina Merlo, his girlfriend, as evidence that his testimony in support of his request for a *Fatico* hearing was false. He acknowledges that in the sentencing context, a district court may rely on any source, including reliable hearsay evidence and out-of-court declarations, so long as it has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3 & cmt. However, he contends that the statement was unreliable, primarily because it lacked certain details. But he ignores the numerous details that lend credibility to Merlo's account of Blake's conversation with Jane Doe #4. Merlo's statement was written in the first person on a signed form and made close in time to the phone call described. In addition, she provided it while she was at the police station, which lends further credibility to the statement. *See United States v. Salazar*, 945 F.2d 47, 50–51 (2d Cir. 1991). Moreover, the fact that Merlo's account was consistent with Blake's subsequent account, except as to the single disputed issue, provides further reason to believe that her statement is accurate and truthful. *See United States v. Sultan*, 463 F.2d 1066, 1069 (2d Cir. 1972) (corroboration of "innocent" details may make informant's account of contested aspects more likely). For these reasons, the district court's factual finding is more than "plausible in light of the record viewed in its entirety," *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985), and we find no clear error in the district court's reliance on Merlo's statement.

Second, Blake challenges the district court's interpretation of his testimony regarding his conversation with Jane Doe #4. He contends that, in testifying at the January 24, 2013 hearing,

3

he was describing a different conversation than that described in Merlo's statement, and therefore the district court clearly erred in finding that the two accounts conflicted.  However, a "sentencing court's findings as to . . . what was said, what the speaker meant by [his] words, and how a listener would reasonably interpret those words will be upheld unless they are clearly erroneous." *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003) (internal quotation marks omitted).  The record here shows no clear error.  On the contrary, it provides ample support for the district court's conclusion that Blake lied:  Blake said "[s]he *never once* called me and said she wanted the child back," Appellant's App'x 54, 131–32 (emphasis added), which suggests that he was denying ever engaging in a call to that effect and not, as Blake contends on appeal, that he simply failed to bring up another call with Jane Doe #4.  Accordingly, since the district court's factual findings are supported by the record, we affirm the district court's interpretation of Blake's testimony.  *See Anderson*, 470 U.S. at 574.

As his third challenge, Blake contends that even if he made a misrepresentation, his lie was not "material" within the meaning of Sentencing Guidelines § 3C1.1 because the government withdrew its request for the coercion enhancement.  However, in a similar situation where a defendant argued that his misrepresentation in support of a motion to suppress was not material because he withdrew the motion, we disagreed.  *United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000) (per curiam).  We held that a statement is "material within the meaning of § 3C1.1" if "it is plain that those sworn misrepresentations, if credited by the district court, would have resulted in the granting of his motion to suppress." *Id*.  Similarly here, Blake's sworn statement, if believed, would have resulted in the rejection of the government's request for the coercion enhancement, and, therefore, it is material for the purpose of § 3C1.1.

4

In his fourth and final challenge to the obstruction of justice enhancement, Blake argues that the district court failed to make explicit findings of willfulness and materiality as required by *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). But, under *Dunnigan*, it is sufficient if the court makes a finding that "encompasses all of the factual predicates for a finding of perjury." *Id*. at 95. Indeed, "[w]here the district court finds that the defendant 'has clearly lied' in a statement made 'under oath,' the 'court need do nothing more to satisfy *Dunnigan* than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter.'" *Lincecum*, 220 F.3d at 80 (quoting *United States v. Williams*, 79 F.3d 334, 337–38 (2d Cir. 1996)). Here, the district court found that Blake made false statements while testifying in order to support his objection, thereby implying that Blake acted willfully. The record makes clear that, if credited, those statements would have led the district court to refuse to apply the coercion enhancement, which indicates that those statements were material. Therefore, the district court did not err, let alone plainly err, in this respect.

Blake next argues that the district court violated Federal Rule of Criminal Procedure 32(h) by imposing an above-Guidelines sentence without providing advance notice of this possibility. Rule 32(h) requires that district courts provide notice when they impose an above-Guidelines sentence pursuant to a provision of the Guidelines but outside of the otherwise applicable Guidelines range. *See United States v. Keller*, 539 F.3d 97, 99 n.2 (2d Cir. 2008). However, no such notice is required where a court imposes a "variance," that is, a sentence outside of the recommended Guidelines range as a result of its analysis under 18 U.S.C. § 3553(a). *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) (holding that Federal Rule of Criminal Procedure 32(h) applies only to departures, not variances). Because the record makes

clear that the district court's imposition of an above-Guidelines sentence was a variance under § 3553(a), Blake's argument fails.

In addition to his procedural challenges, Blake contends that the district court abused its discretion by imposing a substantively unreasonable sentence of imprisonment. We evaluate whether an above-Guidelines sentence represents an abuse of discretion based on the reasons given by the district court when imposing the sentence. *United States v. Sindima*, 488 F.3d 81, 85–86 (2d Cir. 2007). However, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (citation omitted).

In Blake's view, the district court failed to adequately explain its reasons for varying upward from the advisory Guidelines range. We disagree. Contrary to Blake's contention, the district court provided numerous reasons for Blake's above-Guidelines sentence. In particular, it explained that the advisory Guidelines range inadequately addressed the particular facts of Blake's offense and did not account for the "subtle concepts" involved in this case, including Blake's "psychological" coercion and exploitation of victims who otherwise would not have engaged in prostitution. In sum, because the § 3553(a) factors that the district court found compelling "bear the weight assigned" to them, *Cavera*, 550 F.3d at 191, we affirm the sentence of imprisonment imposed by the district court.

Finally, Blake contends that the district court procedurally erred by imposing an unclear condition of supervised release that potentially required him to register as a sex offender. The district court ordered "the defendant [to] comply with any sex offender registration requirements

6

mandated by law" as a condition of supervised release. Appellant's App'x 173. Under §

111(5)(C) of the Sex Offender Registration and Notification Act ("SORNA"), however, "[a]n

offense involving consensual sexual conduct is not a sex offense" that requires federal sex

offender registration. Pub. L. No. 109–248, 120 Stat. 587, 592 (2006) (codified at 42 U.S.C. §

16911(5)(C)). And while the record in this case is replete with suggestions that Blake may have

coerced his victims, *see, e.g.*, Appellant's App'x 158-59, the district court stopped short of

finding that the prostitution was not consensual. Indeed, the government withdrew its effort to

have the district court apply a sentencing guideline enhancement for the use of coercion. We

further note that the district court did not impose the standard SORNA condition of supervised

release that appears on the judgment form. If Blake is in fact subject to SORNA, 18 U.S.C. §

3583(d) expressly requires that Blake's supervised release be conditioned on SORNA

compliance.

Moreover, the condition imposed by the district court, which requires compliance with

"*any* sex *offender registration requirements mandated by law*," Appellant's App'x 173

(emphasis added), would seem to encompass state registration requirements. But to the extent

that the condition was intended to apply to state registration requirements, it puts Blake at risk of

violating the terms of his supervised release by failing to comply with unspecified state

registration regimes of which he may be entirely unaware.

We agree that this condition, when viewed within the overall context of the case, is

impermissibly vague. While we do not require district courts to "spell out every last, self-

evident detail" of such a condition, "due process requires that a condition of supervised release

be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know

what is prohibited, so that he may act accordingly." *United States v. Reeves*, 591 F.3d 77, 80–81

7

(2d Cir. 2010) (brackets and internal quotation marks omitted). That is, if a condition "'is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application,'" it is inadequate. *Id.*at 81 (quoting *United States v. MacMillen*, 544 F.3d 71, 76 (2d Cir. 2008)) (further internal quotation marks omitted); *see also United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001) (per curiam) (finding condition prohibiting a defendant from being in "any area in which children are likely to congregate" to be unconstitutionally vague).

Although the government contends that we should reject Blake's argument under a plain error standard of review,[1] a district court's authority to clarify a condition of supervised release is not circumscribed by the failure of a defendant to raise a timely objection. *See* 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c) & 1979 Advisory Committee Notes (to predecessor Rule 32.1(b)). Indeed, a district judge retains the power to modify such conditions to eliminate ambiguity and to adjust the conditions in response to changed circumstances. Fed. R. Crim. P. 32.1(c).

Accordingly, we remand for the limited purpose of clarifying the condition of supervised release. If the district court intended to find that Blake is required by SORNA to register as a sex offender, it should specify the statutory and factual basis for so finding and replace the challenged condition with the standard SORNA condition found on the judgment form. If, however, it did not intend to so find, and intended to require Blake to comply with any applicable state registration regimes, the district court should take steps to avoid the lack of notice inherent in the condition previously imposed. The standard SORNA condition seems to us to contain language well adapted to solving this problem. If Blake were required to "comply

---

[1] While we need not address the appropriate standard of review at this point, we note that Blake objected to this condition in a letter filed to the district court on May 15, 2013.

8

with any applicable sex offender state registration requirements, as instructed by the probation officer, the Bureau of Prisons, or any state offender registration agency in the state where he resides, works, or is a student," he would be assured that he could not be found to have violated the condition without prior specific notice of what he is required to do.

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, we **AFFIRM** the sentence of imprisonment imposed by the district court and **REMAND** for clarification of the sex offender registration condition of supervised release. Following the completion of the aforementioned proceedings, either party may restore jurisdiction to this court by notifying the Clerk within ten days of the district court's ruling on remand. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The renewed appeal will be assigned to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK