**UNITED STATES of America,
Respondent–Appellant,**

v.

**Herbert ROBERTS, Joan Roberts, and
Lewis Bromberg,
Petitioners–Appellees.**

**No. 1009, Docket 87–1547.**

United States Court of Appeals,
Second Circuit.

Argued June 1, 1988.

Decided July 21, 1988.

Baruch Weiss, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. S.D.N.Y., Aaron R. Marcu, Asst. U.S. Atty., New York City, of counsel), for respondent-appellant.

Jacob Laufer, New York City (Patricia M. Karish, Laufer & Farkash, New York City, of counsel), for petitioners-appellees Herbert Roberts and Joan Roberts.

Colleen P. Cassidy, New York City (The Legal Aid Soc., Federal Defender Services Unit, New York City, of counsel), for petitioner-appellee Lewis Bromberg.

Before KAUFMAN and MINER, Circuit Judges, and CONNER, District Judge.[*]

WILLIAM C. CONNER, District Judge:

The United States of America appeals from an order of the United States District Court for the Southern District of New York (Hon. Robert W. Sweet, Judge), directing that appellees' seized business records be returned and suppressed pursuant to Rule 41(e), Fed.R.Civ.P.[1] *Roberts v. United States*, 656 F.Supp. 929 (S.D.N.Y. 1987). The District Judge ruled that the search warrant on which the seizure was based was so sweeping as to be a "general" warrant violating the particularity requirement of the fourth amendment; that there was no probable cause to support a warrant to search for most of the documents seized; and that the exceptions to the exclusionary rule do not apply to Rule 41(e) motions. We reverse and remand.

The search warrant in question was issued by United States Magistrate Leonard Bernikow in connection with a grand jury investigation into suspected commercial bribery of corporate purchasing agents by stationery suppliers. The warrant authorized the search of the premises of appellees' stationery distributing business, "Transnational Supply Warehouse, Inc., d/b/a 'National Supply Warehouse,' 31 E. 31st Street, 1st Floor, New York, NY,"

---

[*] Hon. William C. Conner, Senior District Judge, United States District Court for the Southern District of New York, sitting by designation.

1. Rule 41(e) provides in pertinent part:

A person aggrieved by an unlawful search and seizure may move ... for the return of the [seized] property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial.

and the seizure of numerous categories of business records.[2] The warrant concededly encompassed every business record that could be found on the premises, including even records of Statewide Office Supply, a company which shared space with Transnational and whose records the executing officers were orally instructed not to seize.

On appeal, the government concedes that probable cause was lacking to support the full scope of the warrant, but argues that the warrant was sufficiently particularized because it described specific categories of documents. However, even if we were to find that the warrant was sufficiently particularized, the conceded lack of probable cause as to most of the documents seized would render those documents inadmissible unless an exception to the exclusionary rule applied. Accordingly, we will proceed directly to the central question in this case: Whether the exceptions to the exclusionary rule apply to motions for the return of property and the suppression of evidence under Rule 41(e), Fed.R.Crim.P.

## I. EXCEPTIONS TO THE EXCLUSIONARY RULE UNDER RULE 41(e)

On a motion to suppress under Rule 12(b)(3), Fed.R.Crim.P., evidence gained as the result of an illegal search and seizure is not excluded at trial if it falls into one of the judicially created exceptions to the exclusionary rule. *See, e.g., United States v. Leon,* 468 U.S. 897, 913, 104 S.Ct. 3405, 3415, 82 L.Ed.2d 677 (1984) (good-faith exception); *Nix v. Williams,* 467 U.S. 431, 447, 104 S.Ct. 2501, 2510, 81 L.Ed.2d 377 (1984) (inevitable-discovery exception); *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971) (plain-view exception). The District Judge concluded that such exceptions to the exclusionary rule do not apply to motions made under Rule 41(e) because of the express mandate in Rule 41(e) requiring return and suppression of "illegally seized" evidence.

The District Judge erred in thus imbuing a mere procedural rule with substantive force. The amendment of Rule 41(e) in 1972 clearly indicates that the Rule was not intended to create new substantive grounds for suppressing evidence, but simply to provide a pre-indictment procedure for the return of property and the suppression of evidence in accordance with the substantive rights created by the Constitution or recognized in decisional law. *See Central S. Carolina Chapter, Soc'y of Professional Journalists, Sigma Delta Chi v. United States Dist. Court for the Dist. of S. Carolina,* 551 F.2d 559, 564 (4th Cir.1977) (purpose of Rule 41(e) is to implement the exclusionary rule); *United States v. Jackson,* 544 F.2d 407, 409 (9th Cir.1976) (rule 41(e) codifies the exclusionary rule). Before 1972, Rule 41(e) listed five specific grounds for the return of seized property and the suppression of evidence derived therefrom.[3] The 1972 amendment eliminat-

---

**2.** The warrant directed the seizure of the following items:

Customer Files, Customer Lists, Lead Source Material, Invoices, Purchase Orders, Order Forms, Lead Cards, Sales Pitch Sheets, Price Lists, Cassettes Containing Sales Pitches, Personnel Files, Employment and Payroll Records, Financial Records, Ledgers, Cash Disbursements and Cash Receipts Journals and Ledgers, Banking Records Including Cancelled Checks, Telephone Records, Correspondence, Mail and Telegram Records, Shipping Records, United Parcel Records, Sales Literature, Contracts, Tape Recordings, Calendars and Diaries, Computer Hardware and Software, Magnetic Media, Floppy Discs, Computer Printouts, Premium Records, Bank Money Order Records, Customer Copy of Bank Money Orders, Premiums in the form of Merchandise, Gift Certificate Records, Cashiers Checks, and other records, evidence and instrumentalities of the crimes of mail fraud, wire fraud, commercial bribery and kickbacks.

**3.** Before the 1972 amendment, Rule 41(e) read in pertinent part:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed.

ed these five grounds and substituted the generic "illegally seized" language of the present rule. The Advisory Committee set forth two reasons for the amendment: "(1) substantive grounds for objecting to illegally obtained evidence (*e.g., Miranda*) are not ordinarily codified in the rules and (2) the categories are not entirely accurate." Notes of Advisory Committee on Rules, 1972 Amendment.

In its discussion of the reasons for the amendment, the Advisory Committee cited with approval *United States v. Howard,* 138 F.Supp. 376, 380 (D.Md.1956). In *Howard,* the court noted that the five grounds listed in the Rule did not embody the whole law of search and seizure. The court accordingly applied principles of search and seizure law that were not codified in the Rule, implicitly recognizing that the Rule was intended to reflect the substantive law and to follow changes therein. The Advisory Committee's citation of *Howard* in connection with the 1972 amendment is a further indication that the Rule was intended merely to provide an additional procedure to enforce existing substantive rights.

The government argues here, as in the court below, that the Supreme Court's opinion in *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), confirms this interpretation of Rule 41(e). The District Court, however, distinguished *Calandra* on the basis that *Calandra* merely held that the exclusionary rule does not extend to grand jury proceedings.

Although *Calandra* did so hold, we do not read *Calandra* as narrowly as did the District Court. In *Calandra* the Supreme Court was reviewing a decision of the Court of Appeals for the Sixth Circuit, which held that Rule 41(e) provides standing to invoke the exclusionary rule in grand jury proceedings. The Supreme Court reversed, stating, "Rule 41(e) ... does not constitute a statutory expansion of the exclusionary rule." *Id.* at 348 n. 6, 94 S.Ct. at 620 n. 6. In the instant case, the Dis-

trict Court's interpretation of Rule 41(e) expanded the exclusionary rule by negating its exceptions. The District Court's interpretation is thus in conflict with that of the Supreme Court in *Calandra.*

Implicit in the District Court's ruling is the assumption that the express textual mandates of the Federal Rules of Criminal Procedure take precedence over the decisional law which created the exclusionary rules.[4] This Court implicitly rejected that principle in *United States v. Matias,* 836 F.2d 744 (2d Cir.1988). There, the government applied for a telephonic search warrant pursuant to Rule 41(c)(2). Neither the Assistant United States Attorney nor the agent providing the information to the Magistrate was placed under oath, in violation of the specific terms of both the fourth amendment and Rule 41(c)(2)(D). The Court applied the good-faith exception to the exclusionary rule and refused to suppress the evidence. *Id.* at 747. The District Court's reasoning in the present case, applied to the facts in *Matias,* would have dictated that the evidence be suppressed, since the seizure was clearly illegal. Thus, the District Court's holding is in conflict with precedent in this Circuit as well.

The District Court found that Congress's failure to amend the "illegally seized" language in Rule 41(e) further supported its conclusion. According to this rationale, if Congress wanted Rule 41(e) to reflect changes in the exclusionary rule, it would have amended the rule to incorporate the exceptions recognized by later Supreme Court cases, such as *Leon* and *Nix.* This argument, however, is a double-edged sword. In the fourteen years since the Supreme Court decided *Calandra,* Congress has not sought to correct the Court's conclusion that Rule 41(e) does not afford broader protection than is provided under the exclusionary rule with its recognized exceptions. From this fact it might be

---

**4.** As the Supreme Court has stated, the exclusionary rule is " 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party

aggrieved.' " *United States v. Leon,* 468 U.S. 897, 906, 104 S.Ct. 3405, 3411, 82 L.Ed.2d 677 (1984) (quoting *United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974)).

inferred that Congress approved the Supreme Court's interpretation.

The government's argument that the exceptions to the exclusionary rule should apply both to motions under Rule 41(e) and to motions to suppress under Rule 12(b)(3) is supported by common logic as well. Both Rules provide for the suppression of illegally seized evidence—the only significant difference between them being that the former allows either pre-indictment or post-indictment motions while the latter provides only for post-indictment motions. It would be highly incongruous if the success of a post-indictment motion to suppress depended upon which of the two rules was relied upon.

At oral argument, appellees took issue with this analysis. As they pointed out, Rule 41(e) provides that a post-indictment Rule 41(e) motion is to be treated as a Rule 12(b)(3) motion. Under this analysis, the exclusionary rule exceptions would apply to a post-indictment Rule 41(e) motion to the same extent as a Rule 12(b)(3) motion, but the exceptions would not apply to a pre-indictment Rule 41(e) motion. Thus, an unindicted person would have greater protection under the fourth amendment than one who has been indicted.

Appellees contend that this is a salutary result, and cite a recent case in the District Court of Hawaii which adopted this rationale in holding exceptions to the exclusionary rule inapplicable to Rule 41(e), *see In re Motion for Return of Property,* 681 F.Supp. 677, 684 (D.Hawaii 1988). Although Congress might see fit to provide greater protection to people who are not yet indicted, this would be inconsistent with the presumption of innocence that indicted persons enjoy, and there is nothing in the legislative history to indicate that in enacting Rule 41(e) Congress intended such an anomalous result. Moreover, this Court has already determined that the legality of a seizure should not depend upon whether an indictment has issued at the time the seizure is challenged. *See United States v. Merchant Diamond Group,* 565 F.2d 252, 253 (2d Cir.1977).

■ For the foregoing reasons, we conclude that the exceptions to the exclusionary rule apply to motions under Rule 41(e) for the return of property and the suppression of evidence. Accordingly, we reverse this aspect of the District Court's decision.

## II. THE GOOD–FAITH EXCEPTION

■ The good-faith exception to the exclusionary rule, enunciated in the Supreme Court case of *United States v. Leon,* 468 U.S. 897, 913, 104 S.Ct. 3405, 3415, 82 L.Ed. 2d 677 (1984), provides that evidence seized by officers reasonably relying on a facially valid warrant issued by a detached and neutral magistrate should not be suppressed. The pivotal question is whether "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon,* 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23; *United States v. Buck,* 813 F.2d 588, 592 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 167, 98 L.Ed.2d 121 (1987). In other words, the court must determine whether the officers' reliance on the warrant was objectively reasonable. *Leon,* 468 U.S. at 919, 922 & n. 23, 104 S.Ct. at 3418, 3420, & n. 23; *Buck,* 813 F.2d at 592.

In *Leon,* the trial judge found that the executing officers acted in good faith. In the instant case, the District Judge concluded that the good-faith exception did not apply, and therefore made no determination as to the officers' good faith. The record before us is insufficient to enable a determination of whether the officers acted in good faith. Accordingly, we remand to the District Court for findings of fact on this issue. Having so decided, we need devote only the briefest discussion to the remaining issues raised on this appeal.

## III. INEVITABLE–DISCOVERY EXCEPTION

■ The government has also argued that the motion for return of property should have been denied on the basis of the inevitable-discovery exception to the exclusionary rule. Under the doctrine of inevitable discovery, evidence that was illegally

obtained will not be suppressed "if the government can prove that the evidence would have been obtained inevitably" even if there had been no statutory or constitutional violation. *Nix v. Williams*, 467 U.S. 431, 447, 104 S.Ct. 2501, 2511, 81 L.Ed.2d 377 (1984).

■■■ The government contends that it inevitably would have discovered the documents under a subpoena that it had issued several months before the search of the premises. The mere fact that the government serves a subpoena, however, does not mean that it will obtain the documents it requests. A subpoena can be invalid for a variety of reasons, as when it is unduly burdensome, Fed.R.Crim.P. 17(c), when it violates the right against self-incrimination, *United States v. Doe*, 465 U.S. 605, 610–12, 104 S.Ct. 1237, 1241–42, 79 L.Ed.2d 552 (1984), or when it calls for privileged documents. *In re Grand Jury Subpoena Dated Sept. 15, 1983*, 731 F.2d 1032, 1036–37 (2d Cir.1984). Moreover, we can deplore but not ignore the possibility that the recipient of a subpoena may falsely claim to have lost or destroyed the documents called for, or may even deliberately conceal or destroy them after service of the subpoena. Thus, the government cannot show that its subpoena would have inevitably resulted in the discovery of the suppressed documents.

## IV. THE PLAIN–VIEW EXCEPTION

■■■ The government also asserts that the Rule 41(e) motion "should have been denied on the ground that many of the documents seized fell within the plain-view exception. Under this doctrine, officers may seize evidence in plain view if (1) the initial intrusion is justified by a warrant or a recognized exception to the warrant requirement; (2) the evidence is inadvertently discovered; and (3) the incriminating nature of the evidence found is immediately apparent to the officers. *See United States v. $10,000 in U.S. Currency*, 780 F.2d 213, 217 (2d Cir.1986).

■■■ Although a search here was arguably justified in that, as the District Court recognized, there was probable cause to search for some of the documents seized,

the inadvertent discovery requirement was not satisfied. It is clear from the extraordinary breadth of the warrant that the officers intended to seize virtually all of appellees' documents. The discovery of documents coming within the terms of the warrant can hardly be deemed inadvertent.

## V. CONCLUSION

For the foregoing reasons, the order of the District Court is reversed and the matter remanded for further proceedings consistent with this opinion.