14-4126-cr
United States v. Nayyar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
                *Circuit Judges*,
KATHERINE B. FORREST,
                *District Judge*.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee*,

                v.                                          14-4126-cr

CONRAD STANISCLAUS MULHOLLAND,
AKA Stan, AKA Conrad Stan,
                *Defendant*,

PATRICK NAYYAR,
                *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

[1]     The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                        SEAN S. BUCKLEY, Stephen J. Ritchin,
                                     Michael A. Levy, Assistant United States
                                     Attorneys, *for* Preet Bharara, United States
                                     Attorney for the Southern District of New
                                     York, New York, New York.

FOR DEFENDANT-APPELLANT:              LAURA GROSSFIELD BIRGER, Stephanie B.
                                     Turner, Cooley LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **REMANDED**.

Defendant-appellant Patrick Nayyar appeals from a judgment entered October 31, 2014, after a jury trial, convicting him of conspiracy to provide and providing material support to terrorists, conspiracy to contribute and contributing goods to and for the benefit of Hizballah, and conspiracy to traffic firearms and ammunition. 18 U.S.C. §§ 371, 2339B; 50 U.S.C. § 1705(a). On October 27, 2014, the district court sentenced Nayyar to fifteen years' incarceration. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

On September 24, 2009, Nayyar was arrested by the FBI. With the consent of his wife, the FBI searched Nayyar's apartment and seized his laptop. Nayyar's wife also provided written consent to search the laptop. More than a year later, on October 29, 2010, the government obtained a search warrant for the laptop. Nayyar's wife's

written consent form, the search warrant and warrant application, and evidence obtained from the search of the computer were produced to Nayyar during pre-trial discovery. The laptop was found to contain internet bookmarks and browsing history for websites relating to military equipment, as well as a news article that identified Hizballah as an Iran-backed terrorist organization, and the computer evidence was received at trial.

On the second day of trial, Special Agent Candace Hunter, an FBI forensic examiner, testified on cross-examination that she began her examination of the computer on December 2, 2009, although the search warrant was not obtained until October 29, 2010. The next day, Nayyar moved for a mistrial on the grounds that the evidence from his computer was the product of an illegal search. Nayyar claimed that before Hunter's testimony, he had not been apprised of the fact that the hard drive had been searched prior to the application for the search warrant. On the motion for a mistrial, the district court suggested recalling Hunter to testify at a hearing. But the government told the court that she was already on her way back to Alabama, and that it was not necessary to bring her back because there was no material factual dispute, and because the motion could be denied on the basis of waiver or the inevitable discovery doctrine.

Rather than conduct an evidentiary hearing, the district court agreed to proceed by means of a government proffer. The district court denied Nayyar's motion for a mistrial, and declined to strike the testimony regarding evidence obtained from

the laptop or the evidence itself, holding that because Nayyar had not challenged the validity of his wife's consent to search the computer before trial, the instant challenge was waived. Even if there was no waiver, the district court held, testimony derived from the laptop searches was protected by the inevitable discovery doctrine.

On appeal, Nayyar argues that (1) he did not waive his right to challenge the search of his laptop; (2) the agents did not receive valid consent to search the laptop from Nayyar's wife; (3) the independent source doctrine does not salvage the evidence; and (4) the evidence was insufficient to prove that Nayyar engaged in a gun and ammunition trafficking conspiracy.

We hold that the district court could not properly deny the suppression motion on this record, and we remand for the district court to conduct a post-trial hearing on the issues relating to the computer evidence received at trial. *See, e.g., United States v. Hamilton*, 538 F.3d 162, 164, 169-70 (2d Cir. 2008) (remanding for post-trial suppression hearing, where district court erred in denying suppression motion made at trial, but did not reach alternative arguments for and against suppression); *United States v. Pena*, 961 F.2d 333, 339-40 (2d Cir. 1992) (remanding for post-trial suppression hearing concerning evidence that had been introduced at trial).

First, the government concedes on appeal that the record before this Court is insufficient to determine whether Nayyar's wife had the authority to consent to a search of her husband's laptop, and the question was insufficiently addressed below. Indeed, the written consent form that the government includes in its addendum was

not part of the record before the district court, and the district court explicitly acknowledged that it had not seen it.

Second, at oral argument, the government acknowledged that it misspoke during its evidentiary proffer when it advised the district court that Nayyar himself gave the agents the password. This was an error the government did not correct in the district court.

Third, the record is unclear as to the issue of the timeliness of Nayyar's motion to suppress.[2] Under Federal Rule of Criminal Procedure 12(c)(3), "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). It is unclear whether good cause exists here. There is a lack of clarity as to whether the evidence introduced at trial was obtained from a search of the laptop based on the wife's purported consent or based on the warrant. Moreover, while Nayyar's trial counsel apparently was unaware until Hunter testified that the government had searched the contents of the laptop a year before the warrant

---

[2] While the parties have presented this issue as a question of "waiver," the Court notes that the applicable rule, Federal Rule of Criminal Procedure 12, was revised in 2014 to remove the reference to "waiver," because "the rule [did] not contemplate waiver as that term is traditionally used in criminal cases." *United States v. McMillian*, 786 F.3d 630, 636 n.3 (7th Cir. 2015) (citing Fed. R. Crim. P. 12(c) advisory committee's note to 2014 amendment). The applicable standard, however, is unchanged: "Before a court may consider an untimely motion to suppress, 'a defendant must first establish good cause for the absence of a pretrial motion.'" *Id.* at 636 (quoting *United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010)).

issued, it is unclear whether Nayyar's prior counsel was on notice before trial that the laptop had been searched before the warrant issued. *See* J. App. at 158.

Fourth, there is uncertainty as to the applicability of the independent source doctrine. The government bears the burden of establishing by a preponderance of the evidence that the independent source (or inevitable discovery) doctrine applies. *See Murray v. United States*, 487 U.S. 533, 540 (1988); *Nix v. Williams*, 467 U.S. 431, 444 (1984) ("If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . . then the deterrence rationale has so little basis that the evidence should be received."). For the independent source doctrine to apply, "(1) the warrant must be supported by probable cause derived from sources independent of the illegal entry; and (2) the decision to seek the warrant may not be prompted by information gleaned from the illegal conduct." *United States v. Johnson*, 994 F.2d 980, 987 (2d Cir. 1993).[3] Here, there is a lack of clarity in the record as to the second prong: it is unclear whether the agents were prompted to seek the warrant by what they saw on the laptop *before* they obtained the warrant, that is, the two purportedly pornographic images. The present record is

---

[3] In the proceedings below, both the Government and the district court referred to the applicable doctrine as the inevitable discovery doctrine. Under the inevitable discovery doctrine, "evidence that was illegally obtained will not be suppressed 'if the government can prove that the evidence would have been obtained inevitably' even if there had been no statutory or constitutional violation." *United States v. Roberts*, 852 F.2d 671, 675-76 (2d Cir. 1988) (quoting *Nix*, 467 U.S. at 447). The Government argues on appeal that the doctrine relied upon below is better described as the independent source doctrine, because -- according to the Government -- the evidence was, in fact, recovered pursuant to a valid warrant.

insufficient -- as to the timeline of the search, the discovery of the images, and the deliberations about the consent validity -- for the district to have found that the pre-warrant search "did not result in the government obtaining evidence it would not otherwise have obtained," such that "the government d[id] not gain an advantage from its initial violation." *Id.*

\* \* \*

As we are remanding, we do not reach Nayyar's sufficiency of the evidence argument. For the foregoing reasons, we do not vacate the conviction but we **REMAND** this case to the district court to conduct a hearing on whether (1) Nayyar waived his right to challenge the evidence in question, (2) Nayyar's wife's consent was valid, and (3) the independent source doctrine applies.

This panel will retain jurisdiction over any subsequent appeal pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Accordingly, either party may notify the Clerk of a renewed appeal within fourteen days of the district court's decision. *See id.*

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk